[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12900

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY LAMON LUTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:10-cr-00081-JB-M-1

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Rodney Lutin appeals his 60-month sentence imposed upon revocation of his supervised release, pursuant to 18 U.S.C. § 3583. He argues that his sentence, an upward variance to the statutory maximum, was unreasonable because the district court placed too much emphasis on the nature of his violation and ignored mitigating evidence about his arguable success while on supervised release. Because the district court committed no reversible error, we affirm Lutin's sentence.

## I.

In May 2011, Lutin pleaded guilty to a single count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Lutin was sentenced to 51 months in custody to be followed by 96 months of supervised release. Lutin served his sentence of incarceration, and his supervised release began on January 3, 2014. As conditions of his release, Lutin was required to participate in a drug testing and treatment program and was prohibited from committing another offense, possessing a firearm or dangerous weapon, and illegally possessing a controlled substance.

Lutin served the first three years of his supervised release without incident. Then, beginning in June 2017, Lutin received multiple reprimands from the probation office for violating the drug-provisions of his conditions of supervised release:

- June 22, 2017: The district court was informed that Lutin tested positive for cocaine which resulted in a verbal reprimand and his placement in a more intensive drug testing group.

- June 4, 2018: The district court was informed that Lutin tested positive for illegal substances which resulted in a written reprimand and his placement in drug treatment.

- August 29, 2018: The district court was informed that Lutin tested positive for cocaine which resulted in a written reprimand and his continued participation in the urine surveillance and drug treatment programs.

- January 29, 2019: The district court was informed that Lutin tested positive for cocaine which resulted in a written reprimand and his continued participation in the urine surveillance and drug treatment programs.

- October 6, 2019: The district court was informed that Lutin tested positive for cocaine which resulted in a written reprimand and his placement into the intensive testing group of the urine surveillance program.

Lutin was allowed to continue on supervised release after each of these five violations. However, following further violations of the conditions of his supervised release, including committing another offense, the probation office petitioned the district court on August 13, 2020, to issue a warrant for Lutin and recommended the revocation of his term of supervision. The petition

alleged that Lutin had committed the following violations of his terms of supervised release:

- Technical violation of standard #6 for failing to notify probation of a new address;

- Technical violation of standard #7 for being in possession of a controlled substance (approximately 761 grams of rock cocaine and 168 grams of powder cocaine);

- Statutory violation for new criminal conduct (charged with reckless endangerment in violation of state law);

- Statutory violation for new criminal conduct (charged with criminal mischief in violation of state law);

- Statutory violation for new criminal conduct (charged with trafficking cocaine in violation of state law);

- Statutory violation for new criminal conduct (charged with attempting to elude a police officer in violation of state law);

- Statutory violation for new criminal conduct (charged with conspiracy to possess with intent to distribute controlled substance in violation of federal law);

- Statutory violation for possession of a firearm and ammunition.

The petition set out the allegations regarding the new criminal charges as follows. In early August 2020, a reliable confidential informant informed the Mobile County Sheriff's Office (MCSO)

21-12900               Opinion of the Court                    5

that he had witnessed Lutin selling cocaine while armed with a gun. Lutin was observed multiple times entering a home in Mobile, Alabama (Mobile Home), and subsequently entering a Lexus parked behind the home. The Lexus had a personalized front tag with the name LUTIN. Law enforcement officers similarly observed these operations at the Mobile Home in the preceding months.

Then, on August 6, 2020, Lutin was observed traveling to the Mobile Home multiple times. After leaving the Mobile Home, Lutin drove to and parked in front of a residence on North Carolina Street. Once MCSO deputies saw that Lutin's vehicle was stationary, they initiated contact. Deputy Gazzier pulled his marked vehicle, with lights and siren active, in front of Lutin's vehicle; Deputy Wilson pulled his vehicle directly behind Lutin's. Deputy Gazzier exited his vehicle and approached Lutin while Lutin was still sitting in the driver's seat with his vehicle running. Lutin failed to comply with repeated commands to exit the vehicle, and instead "put his vehicle in reverse ramming into the front end of Deputy Wilson's vehicle on two separate occasions causing significant damage and pushing Deputy Wilson's vehicle back creating a lane of travel for his escape." Once his vehicle was no longer blocked in, Lutin drove in Deputy Gazzier's direction, forcing the deputy to "jump[] out from the path of [Lutin's] vehicle to avoid being run over." Deputy Wilson then pursued Lutin's fleeing vehicle, ultimately intervening, disabling Lutin's vehicle, and taking Lutin into custody.

On August 9, 2021, the district court held a hearing in which it separately addressed both the revocation of Lutin's supervised release from his 2011 conviction and the sentencing for his 2020 federal controlled substance offense.  Lutin waived his right to a hearing on the supervised release violations, and the district court found Lutin had violated the terms and conditions of his supervised release.  Neither party objected to the Sentencing Guidelines range of 27–33 months' imprisonment as set out in the revocation packet.

The United States recommended the district court impose the maximum 60-month revocation sentence and requested it run consecutive to the sentence imposed for Lutin's new 2020 drug conviction.  In support, the United States highlighted Lutin's five positive drug tests while on supervised release.  The United States also raised the circumstances surrounding Lutin's arrest, emphasizing the risk he posed to the arresting deputies and the public as well as the danger posed by the firearm he possessed.[1]

Defense counsel argued that Lutin should receive a 27-month revocation sentence.  Counsel explained that Lutin had completed seventy-five percent of his supervised release with only some positive drug tests.  Counsel also argued that Lutin's revocation sentence should run concurrently with the sentence to be

---

[1] In the factual proffer to his plea agreement, Lutin admitted to possessing a 9mm pistol and ammunition, which was found in the primary bedroom following a search of his residence.

imposed for his new conviction since both arose out of the same conduct.

After hearing the parties' arguments, the district court noted that it was concerned that Lutin's 2020 conviction was for "very similar conduct that got [him] in this system in the first place." The court also emphasized Lutin's efforts to escape law enforcement as they were apprehending him, including his damaging of two police vehicles, fleeing the scene, and "the possibility of seriously injuring the officers." Noting that these facts were "extremely concerning," the district court exercised its discretion to vary upward from the advisory Guidelines range and imposed the statutory maximum revocation sentence of 60 months. The court ordered Lutin to serve those 60 months consecutively to the sentence to be imposed for his new conviction.

Lutin now appeals his 60-month revocation sentence. He argues that his sentence is unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) sentencing factors, his arguments in mitigation, or the applicable Guidelines provisions and policy statements. Lutin also contends that the court put undue emphasis on the circumstances surrounding his new criminal charges.

## II.

A district court may revoke a defendant's term of supervised release and impose a term of imprisonment if the court "finds by a preponderance of the evidence that the defendant violated a

condition of supervised release." 18 U.S.C. § 3583(e)(3).  Before imposing a term of imprisonment upon revocation, the district court must consider certain sentencing factors outlined in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  A sentence imposed upon revocation of supervised release is reviewed for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We will affirm any sentence that falls within the range of reasonable sentences. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). The party who challenges the sentence bears the burden to show that the sentence is unreasonable.  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam).

The district court need not state on the record that it has explicitly considered each of the § 3553(a) sentencing factors or discuss them all individually, so long as the record reflects that it considered the defendant's arguments and the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  Further, "the weight given to each factor is committed to the sound discretion of the district court."  *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).  Even if a particular factor is already accounted for by the Guidelines, district courts maintain discretion to consider that factor in sentencing.  *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

## III.

Here, the district court did not abuse its discretion in imposing a 60-month revocation sentence.  Lutin has not met his burden of proving that his sentence is unreasonable.  Although the district

court did not explicitly mention each sentencing factor, the record reflects that the court considered the appropriate factors. For example, the district court stated it had considered the advisory sentencing range, *see* 18 U.S.C. § 3553(a)(4), as well as the Guidelines provisions and pertinent policy statements, *see id.* § 3553(a)(5). And the court also considered Lutin's arguments in mitigation, specifically addressing his failed drug tests by informing him "that's not part of your conduct that I have a problem with." Instead, the court emphasized that the aspects of Lutin's conduct that were most problematic were the similarity between his new criminal charges and the offense that he was serving supervised release for, his efforts to escape law enforcement, his damage to law enforcement vehicles, "and the possibility of seriously injuring the officers." The district court did not err in considering these factors, and its emphasis on the nature and circumstances of the offense and need to protect the public was well within the court's discretion. *See Butler*, 39 F.4th at 1355; *Goldman*, 953 F.3d at 1222. Moreover, the court was within its discretion to weigh these factors more heavily than mitigation evidence, including his arguable success on supervised release.

**AFFIRMED.**